UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DANIEL G. FIDDICK, <br><br> Plaintiff, <br><br> v. <br><br> BAY AREA CREDIT SERVICE, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:18-cv-00416 <br><br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes DANIEL G. FIDDICK ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BAY AREA CREDIT SERVICE, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a 55 year-old consumer residing in Galveston County, Texas, which lies within the Southern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant boasts that it has "more than 40 years experience liquidating first and third party debt, [Defendant] has developed the expertise to effectively collect any type of consumer or commercial account."[1] With a principal office located at 4145 Shackleford Rd. #330b, Norcross, Georgia 30093, Defendant is in the business of collecting consumer debts for others throughout the country, including in the state of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In early 2018, Plaintiff received medical services at Carver Park Emergency Physicians ("Carver").

10. Due to financial hardship, Plaintiff fell behind on his scheduled payments to Carver, thus incurring debt ("subject debt").

---

[1] https://www.bayareacredit.com/services.htm

11. On or around May 25, 2018, Defendant mailed or caused to be mailed a "dunning letter" in an attempt to collect upon the subject debt. *See Defendant's May 25, 2018 collection letter to Plaintiff, attached hereto as **Exhibit "A"**.*

12. This "dunning" letter provided the language required under § 1692g of the FDCPA, including the portion: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid."

13. Upon information and belief, Plaintiff did not dispute the validity of the subject debt within 30 days of receiving the above referenced letter.

14. As a result of the language of the May 25, 2018 "dunning" letter, Defendant definitively stated it would assume the subject debt to be valid.

15. Thereafter, on or about October 26, 2018, Defendant mailed or caused to be mailed two additional "dunning" letters substantially similar to the May 25, 2018 letter, which included the subject debt and other medical debts.

16. The October 26 "dunning" letters are identical to each other, except that one contains the reference number "52040644" and the other letter's reference number is "52069310." *See Defendant's October 26, 2018 collection letters to Plaintiff, attached hereto as **Exhibit "B"**.*

17. These October 26, 2018 letters contained the same language: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid."

18. As a result of this subsequent "dunning" letters and the conflicting information evident in all letters, Plaintiff was confused as to the true status of the subject debt and his ability to dispute the same.

19. Moreover, the conflicting reference numbers in the October 26, 2018 "dunning" letters worried and confused Plaintiff as it led him to believe that he owed two different debts.

20. Plaintiff spoke with Sulaiman regarding the correspondences resulting in pecuniary loss and expenditure of resources.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

29. Defendant violated §1692e, e(2)(A), and e(10) through the conflicting information contained in the multiple dunning letters it sent to Plaintiff. Upon sending the first dunning letter to Plaintiff in May 25, 2018, Defendant provided the requisite information regarding the timeframe within which Plaintiff must dispute the subject debt, lest the subject debt be assumed valid. Because Plaintiff did not dispute the validity of the subject debt within the 30 day window, the representations in the May 25, 2018 letter suggested that the debt would, in fact, be assumed to be valid. The similar representations made in the second dunning letters sent in October 26, 2018 directly cut against that assertion. By again suggesting that if Plaintiff failed to dispute the validity of the subject debt within 30 days of receiving the letter, Defendant would assume the debt to be valid, it clearly did not assume the subject debt was valid as represented in the May 25, 2018 dunning letter. As such, Defendant misrepresented whether and to what extent the subject debt is assumed to be valid.

30. Defendant's false, misleading, and conflicting statements had the material effect of confusing Plaintiff as to his rights. Moreover, by sending multiple dunning letters, Defendant purposefully intended to create a false sense of urgency in Plaintiff with the hopes of securing payment.

31. Defendant further violated §1692e, e(2)(A), and e(10) when it perplexingly mailed or caused to be mailed two identical "dunning" letters to Plaintiff with the same debts, but different account numbers: 52040644 and 52069310. These letters are inherently deceptive to an unsophisticated consumer as they led Plaintiff to believe that two different debts are owed. As such, an unsophisticated consumer viewing Defendant's collection letters would be confused and misled when attempting to determine the true extent of his or her liability on the subject debt(s).

### b. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it was unfair for Defendant to send collection letters structured in a way to confuse Plaintiff as to his rights under the FDCPA and the nature of his alleged liability on the subject debt(s).

WHEREFORE, Plaintiff, DANIEL G. FIDDICK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

37. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.304**

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt . . . ." The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

39. Defendant violated the TDCA through its misrepresentations made in the dunning letters it sent to Plaintiff. As discussed above, Defendant's sending of multiple dunning letters, more than 30 days apart and which contained the same 30 day validation disclaimer, constitutes a misrepresentation as to the character of the subject debt and is a generally false and deceptive representation made in connection with the collection of a debt.

40. Defendant further violated the TDCA by sending two dunning letters on the same day, attempting to collect upon the same debts, but containing two different reference numbers. Consequently, Defendant misrepresented the character and amount of the debts by alluding that Plaintiff owed the same debts twice.

WHEREFORE, Plaintiff, DANIEL G. FIDDICK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

    c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 5, 2018                                      Respectfully submitted,

| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
|---|---|
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| Admitted in the Southern District of Texas | Admitted in the Southern District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |