IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DANIEL G. FIDDICK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: 3:18-CV-00416 |
| | § | |
| BAY AREA CREDIT SERVICE, LLC | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)

Defendant, HOVG, LLC d/b/a Bay Area Credit Service, LLC[1] ("BACS") in response to the Complaint (the "Complaint") of Plaintiff Daniel G. Fiddick (the "Plaintiff"), move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) as follows:

### I.   SUMMARY

1.   This case is not a typical action against a debt collector. Nowhere in Plaintiff's Complaint are there allegations regarding harassing phone calls, illegal scare tactics, or misidentifying the right debtor. Instead, Plaintiff brings this lawsuit regarding a debt in which he admits he owes, because he received two letters offering to settle instead of one.

2.   Even taking Plaintiff's allegations as true, both law and reason support dismissal of Plaintiff's Complaint as Plaintiff has failed to allege certain elements required for recovery under the Fair Debt Collection Practices Act ("FDCPA") and Texas Debt Collection Act ("TDCA").

3.   Specifically, Plaintiff has failed to allege any false or misleading acts, any unfair practices, or any actual damages incurred as a result of an alleged act of BACS.

---

[1] HOVG, LLC d/b/a Bay Area Credit Service, LLC was incorrectly identified in Plaintiff's Original Complaint as Bay Area Credit Service, LLC.

## II.     FACTS

4.      Plaintiff brings suit against a debt it admits is valid. *See* Plaintiff's Original Complaint ¶ 13 [Dkt. # 1].

5.      The only alleged violation is Plaintiff received identical letters offering to settle his debt at a discount. *See* Plaintiff's Original Complaint ¶¶ 15-19 [Dkt. # 1].

6.      The only difference between the two letters is a reference number, located in small font on the bottom of each letter. *See* Plaintiff's Original Complaint ¶ 16 [Dkt. # 1]; Ex. B [Dkt. # 4-1].

7.      The dates of the letters, the settlement amounts, the Creditor, the BACS Account Number, the Dates of Service, and the Principal Amounts were all the same as between the letters. *See* Ex. B [Dkt. # 4-1].

## III.    ARGUMENTS AND AUTHORITIES

8.      A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960, 122 S. Ct. 2665, 153 L. Ed. 2d 839 (2002).

9.      In ruling on such a motion, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008); *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004); *Ramming*, 281 F.3d at 161;

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

10.  Generally, the court may not look beyond the four corners of the plaintiff's pleadings. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).

11.  The Supreme Court has stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

12.  To survive dismissal, the complaint must state sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

*a.   Violation of the Fair Debt Collection Practices Act.*

13.  Plaintiff has claimed two violations of the FDCPA: violation of § 1692e (false or misleading representations) and violation of § 1692f (unfair practices). *See* Plaintiff's Original Complaint ¶¶ 22-33 [Dkt. # 1].

14.  Plaintiff is claiming that BACS has violated the FDCPA by the sending of a settlement offer. Plaintiff claims that the sending of an exact duplicate, albeit as a good-faith error, is somehow an attempt to use unfair practices to make a false or misleading representation as to a debt that Plaintiff has admitted is just and owing. *See* Plaintiff's Original Complaint ¶¶ 22-33 [Dkt. # 1]

15.  Even applying the unsophisticated consumer standard, Plaintiff was provided with

detailed information regarding the exact dates of service and amounts owed that should have curtailed his confusion, if any, over the two identical settlement offers. *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

16. In *Gonzalez*, the 5th Circuit addressed this unsophisticated consumer standard:

> When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir.2004); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir.1997). We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami*, 377 F.3d at 495. "At the same time we do not consider the debtor as tied to the very last rung on the [intelligence or] sophistication ladder." *Id.* (internal quotation marks omitted) (alteration in original). "This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor*, 103 F.3d at 1236.

*Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

17. The unsophisticated consumer also protects debt collectors from "bizarre or idiosyncratic consumer interpretations of collection materials." *See* Taylor, 103 F.3d at 1236 (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

18. Plaintiff's bizarre interpretation of the duplicative settlement offer letters is the exact situation the unsophisticated consumer standard is designed to protect debt collectors from.

19. False, deceptive, and misleading statements by a debt collector must be material to be actionable under the FDCPA. *See Gomez v. Niemann & Heyer, L.L.P.*, No. 1:16-CV-119 RP, 2016 WL 3562148, at *4 (W.D. Tex. June 24, 2016) (citing *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3rd Cir. 2015)).

20. Plaintiff's conclusory claim that the BACS has committed a false or misleading act or an unfair act by simply sending a duplicate settlement offer letter, cannot, as a matter of law, be

a material misrepresentation, and is therefore, insufficient to amount to the claim for recovery under the FDCPA. *See id.*

21. Because Plaintiff has failed to allege a false or misleading representation or unfair practice of BACS under the FDCPA, BACS is entitled to a dismissal with prejudice of the FDCPA claim against BACS as provided for by Fed. R. Civ. P. 12(b)(6).

### b. *Violations of the Texas Debt Collection Act.*

22. Plaintiff has claimed a violation of the TDCA: violation of TEX. FIN. CODE ANN. § 392.304 (false or misleading representations). *See* Plaintiff's Original Complaint ¶¶ 34-40 [Dkt. # 1].

23. To maintain a cause of action for unfair debt collection, the following elements must be met: (1) Defendant is a debt collector; (2) Defendant committed a wrongful act in violation of the TDCA; (3) the wrongful act was committed against Plaintiff; and (4) Plaintiff was injured as a result of Defendant's wrongful act. TEX. FIN. CODE ANN. §§ 392.001–392.404.

24. Without admitting or addressing whether Plaintiff has met elements (1) and (3) listed above, Plaintiff has clearly failed to even allege elements (2) and (4). *See* Plaintiff's Original Complaint ¶¶ 34-40 [Dkt. # 1].

25. Plaintiff has attempted to plead that BACS's sending of a duplicate settlement offer letter in good-faith error is a wrongful act entitling Plaintiff to recovery on a debt that it has admitted is just and owing, but Plaintiff has not alleged how such good-faith error was wrongful. *See* Plaintiff's Original Complaint ¶¶ 39-40 [Dkt. # 1].

26. Further, Plaintiff has not alleged any *actual* damages incurred by Plaintiff that were incurred as the result of Defendant sending a duplicate settlement offer letter in good-faith error. *See* Plaintiff's Original Complaint ¶¶ 34-40 [Dkt. # 1].

27. Not only does the TDCA require *actual damages*, but those damages must be foreseeable and linked in some way to the actions of BACS to which Plaintiff complains. *Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180, 184-85 (Tex. App. 1997).

28. The fact that the plaintiff suffered injury as a result of simply owing the debt does not support a finding of injury. *E.g., Elston*, 950 S.W.2d at 184-85 (no actual damages because evidence of plaintiff's anxiety, physical ailments, and stress related to plaintiff's inability to pay debts, not defendant's collection methods).

29. Because Plaintiff has failed to allege two of the required elements for recovery under the TDCA, BACS is entitled to a dismissal with prejudice of the TDCA claim against BACS as provided for by Fed. R. Civ. P. 12(b)(6).

## IV.     CONCLUSION

30. For all the reasons stated above, BACS is entitled to a dismissal with prejudice from each and every claim asserted by Plaintiff against BACS in its Complaint as Plaintiff fails to state a claim upon which relief may be granted. Accordingly, HOVG, LLC d/b/a Bay Area Credit Service, LLC's Motion to Dismiss should be granted and Plaintiff's claims against HOVG, LLC d/b/a Bay Area Credit Service, LLC should be dismissed.

Respectfully submitted,

**KREBS FARLEY, PLLC**

By: */s/ Ryan D. Dry*
    Ryan D. Dry
    State Bar No. 24050532
    Steven K. Cannon
    State Bar No. 24086997
    2301 West Plano Parkway, Suite 200
    Plano, Texas 75075
    214-945-3027 Telephone

214-945-3021 Facsimile
rdry@kfplaw.com
scannon@kfplaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served upon the following pursuant to the Federal Rules of Civil Procedure on this the 7th day of February, 2019.

*/s/ Ryan D. Dry*
Ryan D. Dry