IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DANIEL G. FIDDICK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: 3:18-CV-00416 |
| | § | |
| BAY AREA CREDIT SERVICE, LLC | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

COMES NOW Defendant, HOVG, LLC d/b/a Bay Area Credit Service, LLC[1] ("BACS"), and submits this Reply to Plaintiff Daniel G. Fiddick's (the "Plaintiff") Response to BACS's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Response"), stating as follows:

*I.   The Second Notice Provided By BACS Cannot "Overshadow" The First Notice Because The Second Validation Notice Is Not Objectively Misleading And Does Not Limit Or Impair The Rights Of Debtor.*

1.   In its attempt to avoid dismissal, Plaintiff ignores a key fact that is fatal to the viability of its claims: the subsequent letter actually accounted for new, additional debts that were not included in the original validation letter.  BACS provided the validation language in accordance with the FDCPA again for the new debts, and generously reopened the period for the previous debts.  Plaintiff makes no allegation that BACS refused to honor the second verification period.

---

[1] HOVG, LLC d/b/a Bay Area Credit Service, LLC was incorrectly identified in Plaintiff's Original Complaint as Bay Area Credit Service, LLC.

2. In addition, the second letter was sent five months after the first letter was provided to Plaintiff, thereby, roughly four months after the verification period had closed.

3. Plaintiff, in its Response, attempts to cite numerous cases from other jurisdictions with completely different facts and situations in support of its argument that a second validation notice misleads or confuses the debtor about the deadline to dispute a debt when a verification period is opened for new debts. However, all of those cases cited by Plaintiff are distinguishable from the relevant facts at hand.

4. Plaintiff cites *Maloney v. All. Collection Agencies, Inc.*, and *Durkin v. Equifax Check Servs.* in an effort to claim that the second notice violates the FDCPA because it materially confused the debtor as to the validation period [Dkt. 19, pp.13-15]. However, in *Maloney* and *Durkin*, the debt collector sent two validation notices within a 30-day period. *See Maloney v. All. Collection Agencies, Inc.*, No. 17-CV-1610, 2018 U.S. Dist. LEXIS 189649 at *1 (E.D. Wisc. Nov. 6, 2018); *Durkin v. Equifax Check Servs.*, 406 F.3d 410, 412 (7th Cir. 2005). In *Maloney*, the Court denied the debt collector's Motion for Judgment on the Pleadings reasoning that the debtor *may* have been perceived to be confused as to whether or not the first 30-day period was extended by the second notice. *Maloney v. All. Collection Agencies, Inc.*, 2018 U.S. Dist. LEXIS 189649 at *6; *Cf. Durkin v. Equifax Check Servs.*, 406 F.3d at 423 (affirming summary judgment in favor of debt collector where debt collector's letters sent subsequent to its safe harbor letters, and within the 30-day period, were not confusing, misleading, or unfair). In the present case, the second notice was sent months after the first validation period was closed, and the second notice included new, additional debts. Therefore, there could be no confusion to even an

unsophisticated consumer as to when the 30-day validation period would end.

5.     Plaintiff next cites to *Samuel v. Approved Credit Solutions, LLC*. [Dkt. 19, pp. 7-8]. However, the letter sent by the debt collector in that case was not a validation notice and did not have similar language to the letter at issue here. *See Samuel v. Approved Credit Solutions, LLC*, 2015 U.S. Dist. LEXIS 98075 at *1 (S.D. Ind. Jul. 18, 2015). (language in correspondence related to employment verification and failure to pay could lead to "involuntary resolution").

6.     Plaintiff also cites *McCartney v. CitiFinancial Auto Credit, Inc.* for support of its argument that the letters at issue in this case violated the TDCA. [Dkt. 19, p. 19]. However, the Court in that case dismissed all causes of action brought under Section 392.304 of the Texas Finance Code (the same section brought by Plaintiff in this case) for failure to state a claim when the plaintiff did not make an allegation of a misrepresentation by the debt collector. *McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10-CV-424, 2010 U.S. Dist. LEXIS *5 (E.D. Tex. Dec. 14, 2010).

7.     Plaintiff next attempts to use *Evans v. Portfolio Recovery Assocs., LLC* to argue that a debt collector cannot reopen the validation period for new debts. [Dkt. 19, p. 11]. *Evans*, however, is a case regarding credit reporting after a debtor disputed a debt during the validation period, a situation that has not occurred here. *See Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337 (7th Cir. 2018).

8.     The relevant distinguishing facts that Plaintiff fails to notify this Court of are (1) the second validation notice came months after the first validation period had ended, and (2) the second validation notice included new and additional debts that were not

included on the first validation notice.

9.     Numerous cases from multiple jurisdictions have ruled that "a plaintiff does not state a claim when she alleges that she received a subsequent debt collection letter containing a second identical 30-day validation notice." *See Curry v. AR Res., Inc.*, No. CV 16-517 (RMB/KMW), 2016 WL 8674254, at *5 (D.N.J. Nov. 4, 2016) (granting debt collectors motion to dismiss for failure to state a claim when plaintiff claimed second validation notice was confusing or misleading); *Brenker v. Creditors Interchange, Inc.*, No. 03 CIV.6500 LTS DFE, 2004 WL 594502, at *2 (S.D.N.Y. Mar. 25, 2004) (granting debt collector's motion for summary judgment when second letter "did nothing to suggest diminution of the initial period; if anything, it re-started the period, thereby effectively extending Plaintiff's opportunity to seek validation of the debt. Nothing in the FDCPA prohibits a debt collector from giving a debtor more than the requisite 30–day validation period"); *Arend v. Total Recovery Servs., Inc.*, No. 05-CV-3064(DLI)(JMA), 2006 WL 2064977, at *2 (E.D.N.Y. July 24, 2006) (observing that "if the Second Letter was sent after the validation period expired, then the Second Letter does not contradict Plaintiff's right to dispute the debt because pursuant to § 1692g the debt may be assumed valid if a debtor does not dispute the debt during the validation period"); *Young v. G.L.A. Collection Co.*, No. 1:11-CV-489-WTL-MJD, 2011 WL 6016650, at *3 (S.D. Ind. Dec. 1, 2011) (granting debt collections motion for judgment on the pleadings because "[r]eceipt of the second notice, proscribing a second 30–day period for validation, does not in any way hamper the unsophisticated debtor's exercise of her right to request validation of the debt. Either the debtor would exercise her rights by requesting validation during the first 30–day

period, during the second, or not at all.").

10. If this Court follows Plaintiff's argument that a debt collector cannot send a validation notice to a debtor for additional debts incurred which are now being collected (the second validation notice), the rights of not only the debt collector, but also the debtor, will be diminished by the fact that the debtor will never have an opportunity to dispute the new debts.

## II. The Identical Letters Subsequently Sent To Plaintiff Could Not Have Caused Confusion As To The Character, Amount, Or Legal Status Of Any Debt Because Each Debt Was Itemized With Specific Information In The Letter.

11. Plaintiff claims that the internal reference numbers on the letter, used only by BACS, caused confusion to the Plaintiff as to the "nature, status, and extent" of the debt. [Dkt. 19, p. 5]. However, Plaintiff acknowledges that BACS provided an itemized list of all outstanding debts with the name of the creditor, account numbers, date of service, and principal amount for each itemized debt. [Dkt. 19, pp. 4-5].

12. Although the *least sophisticated consumer* standard applies, "the standard is intended to serve a dual purpose: (1) to ensure the protection of all consumers, even the naïve and the trusting, against deceptive debt collection practices; and (2) *to protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices*." *In re Eastman*, 419 B.R. 711, 729 (Bankr. W.D. Tex. 2009) (quoting *Sparkman v. Zwicker & Assocs., P. C.*, 374 F.Supp.2d 293, 301 (E.D.N.Y. 2005); *Barany–Snyder v. Weiner*, 539 F.3d 327, 332–333 (6th Cir. 2008)) (emphasis added); *see also*, *Prophet v. Myers*, 645 F. Supp. 2d 614, 619 (S.D. Tex. 2008).

13. The argument that identical letters, both of which itemized the debts by date

of service, creditor, amount, and account number, would confuse the debtor as to whether or not the same debt is owed twice, is the exact *bizarre or idiosyncratic interpretation* h the least sophisticated consumer standard is designed to avoid.

### III.   *Because BACS Actually Provided More Rights And Information Than It Was Required Under The FDCPA And The TDCA, It Therefore Stands That BACS Did Not Violate The FDCPA Or TDCA.*

14.    As discussed above, and without reiterating the arguments of the Motion to Dismiss in its entirety, BACS's subsequent letter to Plaintiff actually provided for renewed, extended, and expanded verification rights. Such generous action of reopening the verification period for the new debts, in addition to the previous debt, and making a settlement offer for the admittedly due and owing debts cannot reasonably be considered a wrong actionable under the FDCPA or TDCA.

15.    Further, such actions could not have possibly led to an "actual, foreseeable injury" to the Plaintiff as required to maintain an action under the FDCPA or TDCA.

### IV.   *Conclusion*

16.    For all the reasons stated in its Motion to Dismiss and this Reply, BACS respectfully requests that the Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's claims against it with prejudice.

Respectfully submitted,

**KREBS FARLEY, PLLC**

By: */s/ Ryan D. Dry*
    Ryan D. Dry
    State Bar No. 24050532
    Steven K. Cannon
    State Bar No.  24086997
    2301 West Plano Parkway, Suite 200
    Plano, Texas 75075
    214-945-3027 Telephone
    214-945-3021 Facsimile
    rdry@kfplaw.com
    scannon@kfplaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following pursuant to the Federal Rules of Civil Procedure on this the 27th day of March, 2019.

    */s/ Ryan D. Dry*
    Ryan D. Dry